UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22706-HOEVELER

**THE PHOENIX INSURANCE COMPANY,**

Plaintiff,

v.

**WSG MANAGEMENT COMPANY, LLC,
WSG CR MANAGEMENT MIAMI, LLC,
and LUXURY CLEANING SOLUTIONS
GROUP, LLC,**

Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

BEFORE the Court is WSG CR Management Miami, LLC's ("WSG Miami") and Luxury Cleaning Solutions Group, LLC's ("Luxury Cleaning") motion to dismiss the plaintiff's complaint for failure to state a claim for relief, lack of subject matter jurisdiction, or, in the alternative, for a more definite statement.[1] The motion has been fully briefed and is ready for a decision. For the reasons that follow, the motion is granted in part and denied in part.

### I. Factual background

This is a contract dispute concerning the defendants' failure to pay insurance premiums required by an insurance contract.

---

[1] The third defendant, WSG Management Company, LLC ("WSG Management") does not join in co-defendants' motion to dismiss. WSG Management filed an Answer to the complaint September 2, 2010, in which it admitted that jurisdiction was proper. All three defendants are represented by the same lawyer.

According to the plaintiff Phoenix Insurance Company ("Phoenix"), federal jurisdiction exists because Phoenix is a citizen of Connecticut and the three defendants are citizens of Florida, and the amount in controversy exceeds $75,000, exclusive of costs and interest. Phoenix alleges that it issued a worker's compensation insurance policy to the three defendants collectively as "the insured" under policy number YUB-917K9328 for the coverage period between August 2008 and August 2009.[2] Pursuant to the policy terms, the insured was required to pay an "estimated premium" at the outset of the policy year, then pay an additional premium at the end of the policy year based Phoenix's audit of the insured's annual payroll. Phoenix alleges that the defendants paid the "estimated premium" but refused to pay the additional premium of $178,216.[3]

## II. Analysis

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough

---

[2] The policy number pled in paragraph 6 of the complaint ("YUB-917K9328") appears to be a clerical error, since the policy number of the contract attached as Exhibit 1 is YNUB-917K932-8. Pl.'s Compl. at ¶ 6, ECF No. 1, July 27, 2010. Phoenix can correct this error when it files an amended complaint.

[3] In paragraph 2 of the complaint, Phoenix indicates that it will refer to the three defendants "collectively [as] 'WSG'", Pl.'s Compl. at ¶ 2. All subsequent references to defendants are to "WSG." It is unclear from the pleadings which of the three defendants were actually invoiced for the $178,216 deficiency.

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). When considering such a motion, a court must accept the factual allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient.

The movants advance two arguments in favor of dismissal: first, WSG Miami and Luxury Cleaning are not explicitly listed as "the insured" under the policy, and therefore cannot be responsible for non-payment of insurance premiums; and second, even if the movants were named insureds, Phoenix is not entitled to recover insurance premiums because the named "insurer" on the insurance contract is "Travelers Casualty and Surety Company," not Phoenix.

With respect to the first argument, it is premature for the Court to conclude that the movants are not responsible for unpaid premiums. The Court's review of the insurance policy and supporting documentation discloses that the policy is defined as encompassing "the Information Page and all endorsements and schedules listed there." See Policy, General Section A, ECF No. 15-2, Nov. 15, 2010. Under the "Who is Insured" provision in General Section B, "[y]ou are insured if you are an employer named in Item 1 of the Information Page"; Item 1, in turn, states:

> 1. INSURED:
> WSG MANAGEMENT COMPANY, LLC
> SEE STATE SCHEDULES

Taken together, it appears that "insured" may include not only WSG Management, but also those entities listed on the various State Schedules attached to the Information Page (each of which is marked "Extension of Info[rmation] Page-Schedule"). Because the defendants WSG Miami and Luxury Cleaning are listed on State Schedules, it is at least plausible they are the "insured" under the contract, and responsible for paying premiums (it is undisputed that the movants were covered by the policy and accepted insurance benefits from Phoenix). In any event, the Court need not resolve the merits of this policy-interpretation question on the present record; it is sufficient that Phoenix's allegation of liability against the movants is not obviously contradicted by the terms of the policy.[4]

With respect the movants' second argument, Court cannot agree, based on the present record, that Phoenix lacks standing to sue for unpaid premiums, or that Travelers Casualty and Surety Company is the proper plaintiff. Phoenix Insurance Company is named as the insurer on the Information Page, and also on the particular "Extension[s] of Info Page-Schedule[s]" that identify WSG Miami and Luxury Cleaning as covered employers. Further, if Phoenix was not

---

[4] This does not equate with a finding that the policy is "ambiguous" for the purpose of policy interpretation. The issue simply isn't well briefed. The movants are certainly entitled to present a different policy interpretation upon a motion for judgment on the pleadings or for summary judgment

-4-

the insurer entitled to receive premiums, the movants' lawyer would not have answered the complaint on behalf of co-defendant WSG Management "[a]dmitt[ing] that this defendant was to pay an estimated premium to the plaintiff." The motion to dismiss for failure to state a claim for relief is denied, without prejudice.

## B. Supplemental Jurisdiction

The movants claim that even to the extent they are construed to be "insureds" under Item 1 of the Information Page, their liability is capped at the amount of the unpaid premium attributable to the worker's compensation coverage the movants received, which appears to be a premium of $3,806 for Luxury Cleaning and an unspecified amount for WSG Miami. The movants therefore argue that the Court lacks diversity jurisdiction over Phoenix's claims against them because of the amount-in-controversy requirement in 28 U.S.C. § 1332. However, even accepting the movants' position that (1) they cannot be held jointly liable for the full $178,216 deficiency (as Phoenix alleges); (2) each defendant is (at most) responsible for its share of the unpaid premium; and (3) WSG Miami's and Luxury Cleaning's shares of the unpaid premium are less than $75,000 jurisdictional minimum, the Court would still have discretion to accept the sub-$75,000 breach-of-contract claims under the Court's supplemental jurisdiction. Section 1367 of the United States Code provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). When "each claim involves the same facts, occurrences, witnesses, and evidence. . . [t]his commonality is sufficient to satisfy the constitutional minimum required by section 1367(a)." Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1566 (11th Cir. 1994). The movants do not argue that the Court lacks original jurisdiction over Phoenix's claim against their co-defendant, WSG Management; indeed, the movants' lawyer admits that federal jurisdiction over that claim was proper. See Answer, ¶¶ 3-4, ECF No. 10, Sept. 2, 2010. Moreover, the movants do not dispute that all the claims for unpaid premiums due on the same insurance policy are part of the "same case or controversy." Rather, the movants simply point out that supplemental jurisdiction cannot exist because Phoenix did not expressly invoke 28 U.S.C. § 1367 in its complaint as an alternative basis for federal jurisdiction. This pleading omission is not fatal. Even in the absence of an affirmative pleading of a jurisdictional basis, a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pled. See Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999), (citing 2 Moore's Federal Practice § 8.03(3) (3rd ed. 1997) ("[t]he pleading can either refer to the appropriate jurisdictional statute or contain factual assertions that, if proved, establish jurisdiction")); see also McNerny v. Nebraska

Public Power Dist., 309 F. Supp.2d 1109, 1115 (D. Neb. 2004) (finding that supplemental jurisdiction exists over state-law claims related to federal statutory claims because "supplemental jurisdiction need not be specifically pleaded if the relationship between the federal claim and the state claim permits the conclusion that the entire action is derived from a common nucleus of operative fact.") (citing 61A Am. Jur. 2d Pleading § 179 (2003)); Leather's Best, Inc. v. S.S. Mormaclynx, 451 F.2d 800, 809 n. 10 (2d Cir. 1971) ( "[p]endent jurisdiction is not [a] matter which must be pleaded since the court already has jurisdiction over the case."). Based on the factual allegations contained in Phoenix's complaint, the Court is satisfied that the breach-of-contract claims against WSG Miami and Luxury Cleaning involve the same facts and the same insurance policy as Phoenix's identical breach-of-contract claim against WSG Management, which all parties agree is properly before this Court. See State Nat. Ins. Co. Inc. v. Yates, 391 F.3d 577, 579 (5th Cir. 2004) (claims arising out of same disputed insurance policy are part of same case or controversy, for purposes of supplemental jurisdiction statute). Although § 1367(b) withdraws some of the jurisdiction that § 1367(a) otherwise extends in cases where federal jurisdiction over the original claim is premised on the diversity statute, the movants have not established (or even suggested) that any of the § 1367(b) limitations would apply. See generally Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 559 (2005); Shanaghan

-7-

v. Cahill, 58 F.3d 106, 111 (4th Cir. 1995) ("[Section] 1367(b), which limits the use of supplemental jurisdiction in diversity cases, speaks only to preventing attempts by plaintiffs to circumvent complete diversity. . . . Nothing in § 1367(b) precludes the use of a supplemental jurisdiction analysis in diversity cases when the issue is the amount in controversy rather than complete diversity."). The movants' motion to dismiss for lack of subject matter jurisdiction is denied.

### C. Motion for a more definite statement

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response. See Anderson v. Dist. Bd. of Trustees of Central Fla. Comm. College, 77 F.3d 364, 366 (11th Cir. 1996). Phoenix attached a declaration of the company's attorney, Bruce Calderon, to its opposition brief in which he states that Phoenix has no objection to:

> amend[ing] its Complaint to specifically assert joint and several liability against the defendants. Phoenix has no objection to such a clarification and can make it as part of the motion to amend the Complaint which Phoenix intends to make in the very near future.

In light of the fact that the movants seek a more definite statement of the complaint and the plaintiff does not object to providing one, Phoenix is directed to file its amended complaint within 20 days, including a more definite statement of the basis for joint and several liability.

### III. Conclusion

Accordingly, it is hereby, **ORDERED AND ADJUDGED:** The defendants' motion to dismiss is denied. However, the plaintiff shall submit an amended complaint within 20 days, as directed above.

**DONE AND ORDERED** in Miami, Florida, January 3rd 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE